## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## STATE OF LOUISIANA

| | | |
|---|---|---|
| **CURTIS WILLIAMS,** | * | **CIVIL ACTION No.: 3:23-CV-00639** |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE: DONALD E. WALTER** |
| **KLLM TRANSPORT SERVICES, LLC,** | * | |
| **XYZ INSURANCE COMPANY, AND** | * | |
| **JOHN DOE** | * | |
| Defendants | * | **MAGISTRATE JUDGE: KAYLA D. MCCLUSKY** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT**:

Defendant, KLLM Transport Services, LLC ("KLLM"), respectfully submits this Memorandum in Opposition to Motion to Remand.

## FACTS

Plaintiff, Curtis Williams, filed his Petition for Damages on February 21, 2023, against KLLM, XYZ Insurance Company, and John Doe, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Rec. Doc. 1-2. The suit seeks damages from the defendants, including KLLM, for personal injuries allegedly sustained by plaintiff as a result of an automobile accident that occurred on Interstate 20 in Ouachita Parish, Louisiana, on February 23, 2022. Plaintiff's Petition for Damages is silent as to the amount in controversy.

KLLM was served with a copy of the Citation and Petition on March 3, 2023. Rec. Doc. 1-2. Because it is apparent from the face of the Petition, as well as plaintiff's Responses to Requests for Admission, that this Court has diversity jurisdiction over this matter, on May 12, 2023, KLLM filed a

Petition for Removal pursuant to 28 U.S.C. § 1332 and § 1441. Rec. Doc. 1.

On June 8, 2023, plaintiff filed a Motion to Remand. Rec. Doc. 10. Plaintiff contends that the removal was improper because it is not facially apparent that his claims are likely to exceed $75,000.00, and because the defendant has not submitted "summary judgment type evidence" to support the amount in controversy requirement. Rec. Doc. 10-1 at 4-5. Nonetheless, plaintiff does not deny that the amount in controversy exceeds $75,000.00, but instead states that he will "supplement his response to Request for Admissions [regarding the jurisdictional amount] as information is obtained." Rec. Doc. 10-1 at 5. Plaintiff also avers that his medical expenses total $21,927.00. *Id.* Thus, it is apparent from plaintiff's Motion to Remand that plaintiff is merely seeking to delay the vesting of this Court's jurisdiction, and create procedural hurdles, where it clear that the amount in controversy exceeds $75,000.00. As argued below, the Motion to Remand should be denied.

## LAW AND ARGUMENT

### I. Amount in Controversy Requirement

Federal district courts have concurrent original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. As alleged in the Petition for Removal, plaintiff, Curtis Williams, is domiciled in Louisiana. Defendant, KLLM Transportation Services, LLC is a citizen of the State of Texas and Mississippi. Therefore, there is complete diversity of citizenship between plaintiff and each defendant.

Notably, Louisiana generally does not allow the pleading of the amount of damages sought, and therefore, removal jurisdiction is not alleged in the Petition in Louisiana practice. *Clayton v. Am. Sec. Ins. Co.*, 466 F. Supp. 2d 720, 722 (M.D. La. 2006). Rather, in cases removed from Louisiana state courts, the defendant must prove that the jurisdictional amount is satisfied by demonstrating that it is

facially apparent from the petition that the claim exceeds $75,000.00, or by setting froth facts showing that the amount in controversy requirement is satisfied. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000).

"A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, remand is warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000.00. *Williams v. DG Louisiana L.L.C.*, No. 1:19-CV-00474, 2020 WL 420573, at *2–3 (W.D. La. Jan. 8, 2020), *report and recommendation adopted*, No. 1:19-CV-00474, 2020 WL 428638 (W.D. La. Jan. 27, 2020), citing *De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

**II.** **It is Facially Apparent that the Amount in Controversy Exceeds $75,000.00**

In this case, it is facially apparent that the amount in controversy exceeds $75,000.00. In Paragraph 5 of plaintiff's Petition for Damages, plaintiff claims he "sustained injuries to his back, neck, shoulders, upper extremities, lower extremities and emotions." In Paragraph 9 of plaintiff's Petition for Damages, plaintiff claims to have suffered "past and future enjoyment of life, inconvenience, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future loss of earnings, past and future loss of earning capacity, past and future disability, past and future physical impairment, lost wages, prescription expenses, loss of use, property damage expenses, medical related expenses and bills, and all non-economic damages."

Numerous Louisiana cases have awarded amounts much greater than $75,000.00 for similar alleged injuries. In *Strother v. Cont'l Cas. Ins. Co.*, 05-1094 (La. App. 3 Cir. 11/22/06), 944 So.2d 774, the Louisiana Third Circuit upheld a jury award of $144,000.00 (CPI adjusted $213,798.91) to a plaintiff injured in a motor vehicle collision who suffered a disc protrusion and was recommended for an ESI. In *Fox v. Anderson*, 2005-934 (La. App. 3 Cir. 3/1/06), 924 So. 2d 399, the Louisiana Third Circuit upheld an award of $175,000.00 (CPI adjusted $262,035.79) in general damages where the plaintiff in a car crash aggravated a pre-existing lumbar herniation, requiring several injections, and also aggravated pre-existing cervical disc bulges but underwent no interventional cervical treatment. In *Boudreaux v. Farmer*, 604 So.2d 641 (La. App. 1 Cir. 1992), the court of appeal found no abuse of discretion where plaintiff sustained injuries to her neck and head, which caused her to suffer continuing headaches and neck pain for years following. Plaintiff was diagnosed as a chronic pain patient. There was no surgery involved. Plaintiff was awarded $600,000.00 (CPI Adjusted $1,299,797.25) in general damages.

Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006); *DeAguillar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). In addition, the plaintiff's attorney demanded $75,000.00 for settlement. See Exhibit 1, June 8, 2023 e-mail from plaintiff's counsel to defense counsel. The plaintiff cannot have it both ways and, on the one hand, seek damages that meet the Court's jurisdictional amount, then claim his case is not worth that same amount! This is disingenuous. Defendant submits that based on the plaintiff's alleged injuries exclusive of interest and costs, the amount in controversy exceeds the minimum required for federal diversity jurisdiction, exclusive of interest and costs.

Furthermore, plaintiff has refused to deny that the amount in controversy exceeds $75,000.00.

On March 22, 2023, defendant sent plaintiff Requests for Admissions of Fact, to which plaintiff responded on April 18, 2023, as follows:

> **ADMISSION NO. 1:**
>
> The good faith amount in dispute between plaintiff and defendant exceeds $75,000.00, exclusive of interests and costs.
>
> **RESPONSE TO ADMISSION NO. 1:**
>
> Objection in that Mr. Williams has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny this request at the current time. However, Mr. Williams will timely supplement his response as information is obtained.
>
> **ADMISSION NO. 2:**
>
> Plaintiff will remit, waive, and relinquish in State Court any award of damages in excess of $75,000.00, exclusive of interests and costs.
>
> **RESPONSE TO ADMISSION NO. 2:**
>
> Objection in that Mr. Williams has made reasonable inquiry and the information known or readily obtainable by him is insufficient to enable him to admit or deny this request at the current time. However, Mr. Williams will timely supplement his response as information is obtained.

Exhibit 2, Responses to Requests for Admissions of Fact. Thus, by refusing to enter the stipulation and reserving the right to claim more than the jurisdictional limit, plaintiff acknowledges that he may continue to seek damages that may increase the amount in controversy. *Williams v. DG Louisiana L.L.C.*, No. 1:19-CV-00474, 2020 WL 420573, at *4 (W.D. La. Jan. 8, 2020), *report and recommendation adopted*, No. 1:19-CV-00474, 2020 WL 428638 (W.D. La. Jan. 27, 2020). The amount in controversy requirement has clearly been satisfied in this case. Moreover, it is improper on the part of a litigant to try to "game" the system with equivocal discovery responses that are routinely used to determine whether a State Court case is, in fact, removable.

In his Motion to Remand, plaintiff does not deny that the amount in controversy exceeds

$75,000.00, but instead states that he will "supplement his response to Request for Admissions [regarding the jurisdictional amount] as information is obtained." Rec. Doc. 10-1 at 5. Further, plaintiff states that his medical expenses total approximately $21,927.00. Rec. Doc. 10-1 at 5. Thus, plaintiff has failed to overcome the evidence that the amount in controversy exceeds $75,000.00. In fact, plaintiff has demanded $75,000.00 plus costs to settle the claims against KLLM. Exhibit 1, June 8, 2023 e-mail from plaintiff's counsel to defense counsel. Accordingly, the Motion to Remand should be denied.

## CONCLUSION

Plaintiff refused to admit or deny that the amount in controversy exceeded the jurisdictional amount to remove this case, despite queries from defense counsel. In addition, plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, and in fact, plaintiff has demanded $75,000.00 to settle his claims. Defendant has met its burden of demonstrating that the amount in controversy in this case exceeds $75,000.00. The Motion to Remand must be denied.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

    *s//Jack E. Truitt*
JACK E. TRUITT, BAR NO. 18476, T.A.
MICHELLE MAYNE DAVIS, BAR NO. 23027
KAYLIN K. STOREY, BAR NO. 39721
LOU ANNE MILLIMAN, BAR NO. 23869
1321 Ochsner Boulevard, Suite 200
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for KLLM Transport Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on June 23, 2023.

_____s//Jack E. Truitt_____